UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REVA SCHULTZ HOPKINS and
GLENN E. HOPKINS                                                                    PLAINTIFFS


V.                                                   CIVIL ACTION NO. 1:06CV48 LTS-RHW

KAREN BREWER, MARVIN ROBINSON,
and NATIONWIDE INSURANCE COMPANY                                     DEFENDANTS


**MEMORANDUM OPINION**

The Court has before it Plaintiffs Reva and Glenn Hopkins's (Hopkins) motion to remand.  For the reasons set out below, this motion will be granted.

This is an action for property damage sustained in Hurricane Katrina.  Plaintiffs' residence at 7009 Red Bud Lane, Ocean Springs, Mississippi, was insured under a homeowners insurance policy (policy number 63 23 HO 010226) issued by Defendant Nationwide Insurance Company (Nationwide).  Plaintiff purchased this policy through Nationwide's local agents, Defendants Kelly Brewer and Marvin Robinson (Brewer and Robinson).  The Nationwide policy contains an exclusion for certain types of damage caused by water, including flooding, as set out in the policy.

During Hurricane Katrina the Hopkinses' property sustained substantial damage from the storm surge flooding that occurred during the storm.  Nationwide denied coverage for these losses on the grounds that they were excluded losses under the Nationwide homeowners policy.

The plaintiffs, Brewer, and Robinson, are all resident citizens of Mississippi.  If Brewer and Robinson are properly-named defendants, there is no complete diversity of citizenship, and this Court lacks subject matter jurisdiction under 28 U.S.C. §1332.

Nationwide has removed this action on grounds of diversity of citizenship, alleging that the plaintiffs have fraudulently joined Brewer and Robinson in order to defeat diversity jurisdiction.  This is an issue on which Nationwide has the burden of proof.  *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Nationwide's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendants. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

### Allegations of the Complaint

The state court complaint alleges that at the time the plaintiffs purchased their Nationwide policy, Brewer and Robinson represented to them that "they were covered for all damages they would sustain as a result of a Hurricane." (Complaint Paragraph IV) The Hopkins allege that Brewer and Robinson made no recommendation or suggestion that the plaintiffs purchase a flood insurance policy. (Complaint Paragraph VIII) Plaintiffs allege that they were not knowledgeable concerning insurance matters and that Brewer and Robinson represented to them that they (Brewer and Robinson) were knowledgeable concerning the plaintiffs' insurance needs. Plaintiffs allege that Brewer and Robinson negligently (or intentionally) misrepresented the scope of coverage under the Nationwide policy at issue. (Complaint Paragraph VIII)

### Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

### Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).  These essential elements may fit the plaintiffs' theory of recovery and allegation against Brewer and Robinson.

Of course, the truth of the plaintiffs' allegations; the circumstances in which the events in question transpired; the question of what coverages were discussed and what decisions on coverage were made; and the reasons for these decisions are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense.  At this juncture, however, the plaintiffs' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.  *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Without venturing any opinion on the merits of the plaintiffs' claims, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Brewer and Robinson and Nationwide have failed to establish that the Hopkins have no viable legal theory upon which they may proceed against Brewer and Robinson under the plaintiffs' version of events.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings.  The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 14th day of August, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge