UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**REVA SCHULTZ HOPKINS and GLENN E. HOPKINS**              **PLAINTIFFS**

**V.**                                            **CIVIL ACTION NO.1:06CV48 LTS-RHW**

**KAREN BREWER, MARVIN ROBINSON and**
**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**              **DEFENDANTS**


**MEMORANDUM OPINION**
**DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

  The Court has before it the motion [19] of Defendants Nationwide Mutual Fire Insurance Company (Nationwide), Karen Brewer (Brewer), and Marvin Robinson (Robinson) for reconsideration of the opinion [17] and order [18] entered on August 15, 2006, granting the plaintiffs' motion to remand.  For the reasons set out below, this motion will be denied.

  Nationwide's motion is based on four contentions:

1.  That the Court erred in selecting the legal standard applicable to actions that have been removed based on allegations of fraudulent joinder;

2.  That the plaintiff's claims against Brewer and Robinson are time barred;

3.  That the plaintiffs' claims for negligent misrepresentation are invalid as a matter of law; and

4.  That the Court erred in determining that this case does not fall within its federal question jurisdiction.

**Misjoinder, Diversity Jurisdiction, and the Applicable Legal Standard**

  The Nationwide policy at issue, policy number 63 23 HO 010226 was in effect for the policy period September 30, 2004, through September 30, 2005.  Karen Brewer is shown as the Nationwide Agent to whom the insured should direct questions about the policy.  The policy declarations were issued on March 24, 2005, replacing declarations issued February 14, 2005.  Nationwide has filed a copy of a "Homeowner Customer Notice" prepared August 31, 2005, two days after Hurricane Katrina, giving specific notice that Nationwide homeowners policies do not cover flood losses.

I have read and considered the authorities relied upon by the defendants, and I have carefully reviewed the record in this case.  I have read the affidavits submitted by Brewer and Robinson.  Robinson's affidavit affirms that he did not deal with the plaintiffs at the time the plaintiffs first purchased a Nationwide policy through his (Robinson's) office.  It was Brewer who handled this initial transaction in 1998.  Robinson also avers that he never had any conversation with either of the plaintiffs prior to Hurricane Katrina.  Brewer's affidavit acknowledges that she sold the plaintiffs a Nationwide homeowners policy in 1998, and Brewer disclaims having made the representations alleged in the complaint.

These affidavits sharply contradict the allegations of the state court complaint.  The plaintiffs allege: " Defendant, Marvin Robinson and his agent Karen Brewer represented to the plaintiffs that they were knowledgeable regarding the Plaintiffs' insurance needs.  In fact, both Mr. Robinson and Ms. Brewer represented directly to the Plaintiffs that the policy they purchased would in fact cover all damages they might sustain as a result of a Hurricane.  At no point did they recommend or even suggest that the plaintiffs purchase flood insurance in a addition to the hurricane coverages already contained in their homeowners policy." (Complaint Paragraph VIII) The plaintiffs have alleged this conduct in support of a negligence-based theory of recovery, i.e. that the failure to recommend flood coverage constitutes actionable negligence on the part of Brewer and Robinson.

At this juncture, I have no idea what the evidence will be in support of and in opposition to the plaintiffs' theory of their case.  I have no evidence in the record concerning the standard of care that applies to Brewer and Robinson; I have no evidence of the circumstances surrounding the sale of this policy; I have no evidence of the relationship between the parties; I have no evidence of the proximity of the insured property to the source of the water that apparently inundated this property.

In order to sustain the defendants' position, I would have to disregard the allegations of the complaint, accept Robinson's and Brewer's affidavits as true, and grant Robinson and Brewer all the favorable inferences necessary to reach a conclusion that, as a matter of law, neither of them was negligent.  This would require that I find all of these unknowns (the standard of care; the circumstances surrounding the sale of the policy; the relationship between the parties; and the location of the property) were such that a reasonable insurance agent would not have recommended to the plaintiffs that they purchase flood insurance.  This is something I do not believe to be appropriate on the record before me, or at this stage in these proceedings.

Given the conflict between the allegations of the complaint and the substance of the Brewer and Robinson affidavits, there is a genuine issue of material fact concerning whether the conversation alleged in the complaint took place and, if so, what the substance of the conversation was, what the circumstances were, what the relationship between the parties was, and where the property was situated with respect to the risk in question.  There is also an ultimate issue of fact whether Robinson or Brewer were negligent in not recommending that the plaintiffs purchase flood coverage.

Thus, regardless of whether I apply the legal standard for a Rule 12(b)(6) motion to dismiss or the legal standard for a Rule 56 motion for summary judgment, the plaintiffs' allegations are sufficient, at least in theory, to state a cause of action for negligence against both Brewer and Robinson.

My reading of the authorities relied upon by Nationwide indicate that the Court has broad discretion in ruling on a motion to remand that permits, but *does not require*, that evidence outside the pleadings to be taken into consideration. Regardless of which legal standard is applied to the record in this case, the result is the same. The defendants have not established, as a matter of law, that the plaintiffs' cause of action against Brewer and Robinson is groundless.

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992). Whether the duty of reasonable care makes it incumbent on an agent to advise a customer concerning the amounts and types of coverage the customer should purchase is a question of fact that depends on the relationship between the agent and the customer, the circumstances and course of dealings between them, and many other facts which may have a bearing on this issue, including the applicable standard of care. These are all fact-specific inquiries.

With respect to the issue of diversity jurisdiction, the sole question before me is whether, assuming the truth of the allegations made in the complaint, and granting the plaintiffs all favorable inferences of fact in support of their theory of recovery, the plaintiffs have a reasonable probability of establishing a right of recovery against Brewer or Robinson individually. In making this inquiry, I must not only accept all the substantive allegations of the Complaint as true and grant all inferences favorable to the plaintiffs' theory of recovery, but I must also resolve all doubtful issues of law in the plaintiffs' favor. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000).

Mississippi law recognizes a duty of reasonable care owed by one who undertakes to act as an agent to procure insurance coverage. If the plaintiffs can substantiate the allegations they have made against Brewer and Robinson, and if the plaintiffs can also establish that the standard of care applicable to Brewer and Robinson required that they recommend flood coverage, there is at least a reasonable probability that they would state a cause of action for negligence under Mississippi law. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

These are big "ifs," but the merits of the plaintiffs' claim against Brewer and Robinson are not before me at this point. I express no opinion on the ultimate resolution of this claim, but I am satisfied that the plaintiffs' allegations are sufficient to withstand a motion to dismiss or a motion for summary judgment.

The individual defendants' affidavits do not establish that they are entitled to judgment as a matter of law.  These affidavits do not negate the plaintiffs' theory that reasonable care required that the individual defendants recommend flood coverage.  Thus, I find that the complete diversity of citizenship necessary to establish subject matter jurisdiction under 28 U.S.C. §1332 is lacking in this action.

### The Statute of Limitations

In the context of deciding an issue of fraudulent joinder, it is the defendants who have the burden of proving that the plaintiffs' claims against the non-diverse defendants are not viable.  With respect to the issue of the statute of limitations, I can find no authority which establishes the date the statute begins to run in the circumstances alleged in this complaint.  Because the plaintiffs have selected a theory of recovery against Brewer and Robinson based on allegations of negligence, their cause of action may not have accrued on the date of the conversation they have alleged.  Their cause of action may have accrued on the date they knew or should have known that the misconduct they allege had taken place.  In some circumstances, a cause of action for negligence may not accrue until the plaintiff suffers damages from the misconduct.  This is an issue of law that must be answered on a more fully-developed record than the one now before me.  I find that this issue is one on which the plaintiffs are entitled to the benefit of the doubt at this juncture.

### Alleged Misrepresentations Compared with Policy Provisions

The defendants assert that any representation made by one of its agents can never be actionable if the representation conflicts with the written terms of the policy.  This is a defense to the merits of the plaintiffs' theory of recovery based on misrepresentation.  This legal theory is distinct from the plaintiffs' theory of negligence.  Since I have determined that the plaintiffs' negligence theory is at least arguably valid, I do not believe I have jurisdiction to rule on the merits of this defense or any other substantive issue in this case.

Simply put, this defense must be decided by the state court as part of the decision on the merits of this lawsuit.  Even without this impediment, I would be very reluctant to make the ruling the defendants urge on the bare bones record before me.

I express no opinion on the merits of this defense, and I leave it to the court that has subject matter jurisdiction to make this determination.

### Federal Question Jurisdiction under the National Flood Insurance Act

The plaintiffs' negligence action is based on a failure to procure flood insurance coverage.  It is not based on allegations that a flood insurance claim was improperly adjusted nor on allegations that an existing flood insurance policy was not administered properly.

This Court has jurisdiction under 28 U.S.C. §1331 of cases where there are claims of improper adjustment of claims or the improper administration of flood insurance policies.  As I appreciate the allegations of the complaint, the plaintiffs' claim is based on a failure to procure flood insurance, and even that theory of recovery is once removed, i.e. the plaintiffs did not request flood insurance under the National Flood Insurance Program, allegedly because Brewer and Robinson (allegedly negligently) never advised them that for their particular situation they should purchase flood coverage. This type of allegation does not have a bearing on the National Flood Insurance Program sufficient to support federal question jurisdiction.

Recent cases have drawn a distinction between claims based on the failure to procure flood insurance coverage, which are outside the scope of exclusive federal jurisdiction, and claims based on the administration or adjustment of claims under existing flood insurance policies which are within the scope of exclusive federal jurisdiction.  Compare *Landry v. State Farm Fire and Casualty Company*, 428 F.Supp.2d 531 (E.D.La.2006) on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006) (Fallon, Judge), with *Newman v. Allstate Insurance* Co., 2006 WL 2632116 (E.D.La.) (Feldman, Judge) and See *Wright v. Allstate Insurance Co.*, 415 F.3d 384, 389 n. 3 (5th Cir. 2005); *Sullivan v. State Farm Fire and Casualty Co.*, 2006 WL 2119320 (E.D.La) (Barbier, Judge).

I disagree with the defendants' contention that they should be permitted to undertake an interlocutory appeal of this decision.

Accordingly, I will deny the motion for reconsideration [26].  An appropriate order will be entered.

Decided this day, the 29th of November, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge